IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1503-K-BN |
| | § | |
| WELLS FARGO, N.A., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the case be dismissed.

### Factual Background

Plaintiff Linda Crawford, who is appearing *pro se*, sued Defendant Wells Fargo, N.A. in Texas state court for injunctive relief to prevent eviction from her home following foreclosure. *See* Dkt. No. 1-5. Defendant removed the case to federal court, *see* Dkt. No. 1, and filed a Motion to Dismiss for Failure to State a Claim, *see* Dkt. No. 6. On April 18, 2013, the Court ordered Plaintiff to respond to the Motion to Dismiss by May 20, 2013. *See* Dkt. No. 8. On April 29, 2013, the district clerk noted that mail sent to Plaintiff had been returned as undeliverable. *See* Dkt. No. 9. That mail consisted of the Court's New Case Notes [Dkt. No. 3], Notice and Instruction to *Pro Se* Party [Dkt. No. 4], and Standing Order on Non-Dispositive Motions [Dkt. No. 7] as well

as the Court's April 18, 2013 Order setting forth deadlines concerning the Motion to Dismiss [Dkt. No. 8]. Plaintiff has never filed a document in this Court, and the Court has no other address available for Plaintiff other than the mailing address from which these mailings were returned. Plaintiff has not filed a response to the Motion to Dismiss.

On June 26, 2013, the court ordered the parties to hold a Rule 26(f) conference by July 10, 2013, and submit a joint status report and proposed scheduling plan by July 24, 2013. *See* Dkt. No. 10. The order provides that anyone who fails to participate in the conference or who fails to sign the joint status report will be subject to sanctions. *See id.* On July 11, 2013, Defendant filed a Status Report in which it reported that it had been unsuccessful in its attempts to confer with Plaintiff. *See* Dkt. No. 11. Defendant sent Plaintiff two letters by certified mail, return receipt requested, outlining the Court's Order and requesting Plaintiff to contact Defendant so that the parties could comply with the Court's Order. *See id.,* Dkt. Nos. 11-1, 11-2. Plaintiff executed the return receipt for the first of these letters, which was mailed to the address that the Court has listed for Plaintiff on its docket. *See* Dkt. No. 11-1.

On July 12, 2013, the Court ordered the district clerk to re-mail to Plaintiff copies of the documents that had been returned as undeliverable and ordered Defendant to re-serve Plaintiff with copies of its Notice of Removal, Certificate of Interested Persons, and/or Motion to Dismiss [Dkt. No. 1, 2, 5 & 6] if its previous service of those documents had been unsuccessful. *See* Dkt. No. 12. The Court also ordered Plaintiff to contact Defendant's counsel by July 19, 2013 to confer as required

by the Court's June 26, 2013 Order [Dkt. No. 10]. *See* Dkt. No. 12. The Court further ordered Defendant to file a Joint Status Report by July 22, 2013 advising the Court if Plaintiff had not contacted Defendant's counsel by July 19, 2013. The Court admonished Plaintiff "that failure to comply with this order — including failure to accept delivery of copies of the Court's orders and notices — will result in the [Magistrate Judge's] recommending to Judge Kinkeade that the Court dismiss Plaintiff's action for want of prosecution pursuant to Fed. R. Civ. P. 41(b)." *See id.* at 2-3.

On July 22, 2013, Defendant filed its Second Status Report in which it advised the Court that Plaintiff had not contacted Defendant's counsel by the July 19, 2013 deadline. *See* Dkt. No. 14.

The copies of the Court's June 26, 2013 and July 12, 2013 Orders that were mailed to Plaintiff's address have not been returned, and none of the documents re-sent to Plaintiff by the district clerk pursuant to the July 12, 2013 Order have been returned as undeliverable. Nor has Defendant advised the Court that any of the documents that it re-served on Defendant pursuant to the Court's July 12, 2013 Order have been returned as undeliverable.

## Legal Standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."

3

*Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Furthermore, the district court has discretion to impose sanction upon a party for failing "to obey a scheduling or pretrial order, " FED. R. CIV. P. 16(f), and those sanctions include dismissal, *see also* FED. R. CIV. P. 37(b)(2)(C). "The same criteria developed for evaluating dismissals for failure to prosecute under [Rule 41(b)] are to be applied in a [R]ule 16(f) case." *Price v. McGlathery*, 792 F2d 472, 474 (5th Cir. 1986).

Because dismissal is a harsh sanction, the Court should not invoke it unless "'a clear record of delay or contumacious conduct by the plaintiff' exists and 'lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir. 1982). Before dismissing a case for failure to prosecute, the Court should find that one of the following aggravating factors is present: (1) delay cause by the plaintiff him or herself and not by his or her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *See id.*

## Analysis

Plaintiff's failure to comply with two orders requiring her to participate in the preparation of a joint status report justify dismissing this case for failure to prosecute and to comply with the Court's orders. Plaintiff's failure to contact Defendant's counsel,

4

as required by the Court's July 12, 2013 order evinces a lack of interest in pursuing her claims. This absence of an intent to prosecute her claims is further demonstrated by the fact that she has failed to respond to Defendant's motion to dismiss. Plaintiff has also failed to accept mail concerning this lawsuit or to respond to either the Court's or opposing counsel's attempts to correspond with Plaintiff, even after being admonished that her lawsuit could be dismissed as a result of her failure to do so. The undersigned concludes, from these facts, that Plaintiff no longer wishes to pursue her claims. In short, Plaintiff has "demonstrate[d] a manifest lack of interest in litigating [her] claims." *Godley v. Tom Green Cnty. Jail*, No. 6:11-cv-24-C-BL, 2011 WL 7461630, at *1 (N.D. Tex. Nov. 7, 2011), *rec. adopted*, 2012 WL 724650 (N.D. Tex. Mar. 6, 2012).

In addition, the Court finds that two of the three aggravating factors are present — the delay in this case has been caused by Plaintiff herself and was caused by intentional conduct (or intentional inaction, which, under the circumstances, amounts to the same). Because Plaintiff is proceeding *pro se*, only Plaintiff can be blamed for the delay. And the delay was caused by Plaintiff repeatedly ignoring court orders.

Accordingly, the undersigned finds that, under these circumstances, lesser sanctions would not serve the best interests of justice and dismissal without prejudice of Plaintiff's case is warranted.

## Recommendation

The Court should dismiss Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b). Upon dismissal of the case, Defendants' Motion to Dismiss [Dkt. No. 6] should be terminated.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE